IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

COLTON PEARSON, SCOTT PEARSON,
and MANDY PEARSON,

        Plaintiffs,

  vs.

CENTRAL CURRY SCHOOL DISTRICT
#1, DENNIS JOHNSON, in his
individual and official
capacity, and GREG BROWN, in
his individual and official
capacity,

        Defendants.

Case No. 6:15-cv-1353-AA
OPINION AND ORDER

Justin Steffen
Steffen Legal Services, LLC
2027 SE Jefferson St, Ste 205
Milwaukie, OR 97222
    Attorney for plaintiffs

Page 1 - OPINION AND ORDER

Kate Wilkinson
Oregon School Boards Association
PO Box 1068
Salem, Oregon 97308
    Attorney for defendants

AIKEN, Chief Judge:

Plaintiffs Colton ("Colton"), Scott ("Scott"), and Mandy ("Mandy") Pearson filed this 42 U.S.C. § 1983 action against Defendants Central Curry School District ("CCSD"), Dennis Johnson ("Johnson"), and Greg Brown ("Brown"), alleging violations of the First and Fourth Amendments of the United States Constitution, and related violations of state law. The allegations in the complaint stem from a confrontation between Colton and Brown during a high school football game in Reedsport, Oregon. Defendants move to dismiss all claims pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons below, defendant's motion is granted in part and denied in part.

## BACKGROUND

Colton played football for Gold Beach High School, which is operated by the District. Pl's Compl., ¶ 2. At the time of the incidents at issue, Johnson was the superintendent of CCSD. Pl's Compl., ¶ 4. Scott and Mandy are Colton's parents. Pl's Compl., ¶ 2. On October 10, 2014, Gold Beach played a football game against Reedsport High School, in Reedsport, Oregon. Pl's Compl., ¶ 2. Brown was acting as an assistant coach.

During the game, Colton went to the sidelines to take some ibuprofen. Pl's Compl., ¶ 3. Brown was angry that Colton had left the game. Brown followed Colton to the sidelines, yelling at him. As Scott and Mandy watched, Brown punched Colton in the side of the head with a closed fist. Colton was wearing his helmet and did not sustain serious physical injury. Brown pleaded no contest to harassment and disorderly conduct for his assault of Colton. Pl's Compl., ¶ 5. He is currently in a diversion program related to those charges.

In the spring of 2015, plaintiffs sent Johnson a tort claim notice as required by Or. Rev. Stat. § 30.275. Pl's Compl., ¶ 6. Shortly after Johnson and CCSD received the notice, Colton was suspended from school for allegedly using his cellular phone in class. The suspension was rescinded a few days later.

Johnson described Brown as only slapping Colton. Pl's Compl., ¶ 4. Plaintiffs assert that Johnson downplayed the assault and was hesitant to punish Brown because Brown and Johnson are close personal friends. Plaintiffs further allege that CCSD has taken no action to address the assault or to ensure that it does not happen again. Pl's Compl., ¶ 7.

Plaintiffs allege that when Brown attacked Colton, Brown (1) subjected Colton to an unreasonable seizure, in violation of the Fourth Amendment, and (2) committed a battery, in violation of state law. Pl's Compl., ¶ 9, 12. Plaintiffs also bring a state-

law claim of intentional infliction of emotional distress against Brown and Johnson. Pl's Compl., ¶¶ 15-16. Finally, plaintiffs assert that in attempting to suspend Colton, Johnson was retaliating against them for filing this lawsuit, in violation of their First Amendment rights. Pl.'s Compl. ¶ 19.

Plaintiffs allege that CCSD is liable on the Fourth Amendment claim because it has a pattern, practice or custom of failing to properly screen and train coaches. Pl.'s Compl. ¶ 9. They further contend that CCSD is liable on the First Amendment claim because it either has a pattern, practice, or custom of retaliating against students who exercise their civil rights or failed to properly train its administrators. Pl.'s Compl. ¶ 19.

Plaintiffs seek non-economic damages, punitive damages, reasonable costs and attorneys' fees, and injunctive relief. Pl.'s Comp. ¶ 21.

## STANDARD

Under Fed. R. Civ. P. 12(b)(6), a complaint is construed in favor of the plaintiff, and its factual allegations are taken as true. Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010). "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (quoting Ashcroft v. Iqbal, 556

U.S. 662, 678 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 (2007). "[G]enerally the scope of review on a motion to dismiss for failure to state a claim is limited to the complaint[.]" Daniels-Hall, 629 F.3d at 998.

## DISCUSSION

### I. Venue

Defendants initially argue that because all defendants are located in Curry County and "almost all the alleged events" took place in Curry County, this case should be dismissed or, at a minimum, transferred to the Medford Division of the District of Oregon. But the altercation at the heart of the complaint took place in Reedsport, which is in the Eugene Division. LR 3(a)(3). Venue is therefore proper because this action was filed in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2); Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex., 134 S. Ct. 568, 577 (2013).

### II. Fourth Amendment Claim

Page 5 - OPINION AND ORDER

Defendants contend that plaintiffs failed to state a Fourth Amendment claim because they have not alleged facts supporting the conclusion that Brown's actions amounted to a "seizure" within the meaning of the Fourth Amendment. I agree.

The Fourth Amendment protects against "unreasonable searches and seizures." U.S. Const. amend. IV. In the ordinary law-enforcement setting, a plaintiff alleging an unreasonable seizure must show that, due to the defendant's use of "some form of physical force or show of authority," a reasonable person in the plaintiff's shoes "would have believed that he was not free to leave." United States v. Summers, 268 F.3d 683, 686 (9th Cir. 2001). This test may apply differently in the school setting, because "children sent to public school are lawfully confined to the classroom." Sandin v. Conner, 515 U.S. 472, 485 (1995). But the differences between the school and law-enforcement settings do not relieve plaintiffs of the requirement to allege that Brown's restraint on Colton's liberty rose to the level of a "seizure" under the Fourth Amendment. Because the complaint contains no facts to support such an allegation,[1] plaintiffs have failed to state a claim for relief under section 1983 and the

---

[1] In their brief, plaintiffs do allege that a reasonable football player would not feel free to leave while he was being "berate[d]" by a coach. Pl.'s Resp. Mot. Dismiss 3. But because a motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the complaint, I am unable to consider those allegations here. Daniels-Hall, 629 F.3d at 998.

Page 6 - OPINION AND ORDER

Fourth Amendment.[2] Defendants' motion to dismiss the first claim for relief is granted.[3]

III. First Amendment Claim

To establish a First Amendment retaliation claim, a plaintiff must show that (1) he or she engaged in constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity, and (3) the protected activity was a substantial or motivating factor in the defendant's

---

[2] It is unclear whether all claims of excessive force in the school setting are properly brought under the Fourth Amendment, or whether some such claims should be maintained under the Due Process Clause of the Fourteenth Amendment. See Preschooler II v. Clark Cnty. Sch. Bd. of Trustees, 479 F.3d 1175, 1181 n.5 (9th Cir. 2007) (analyzing claims that a teacher hit, slapped, and body-slammed a student under the Fourth Amendment, but noting that "'it may be possible for a school official to use excessive force without seizing or searching the student, and that the Fourth Amendment would not apply to such conduct'" (quoting Doe ex rel. Doe v. Hawaii Dep't of Educ., 334 F.3d 906, 909 (9th Cir. 2003))); see generally Lewis M. Wasserman, Students' Freedom from Excessive Force by Public School Officials: A Fourth or Fourteenth Amendment Right?, 21-FALL Kan. J.L. & Pub. Pol'y 35, 54 (Fall 2011) (explaining that "the majority of circuit courts have held that claims of . . . wholly arbitrary applications of force upon public school students[] must be analyzed as Fourteenth Amendment substantive due process claims"); id. at 82 (summarizing the arguments for analyzing such claims instead under the Fourth Amendment). I express no opinion on this legal question, and hold only that plaintiffs have failed to plead a Fourth Amendment violation because the complaint does not allege that Colton's liberty was restrained or that a reasonable person in Colton's position would not have felt free to leave.

[3] In their response to the motion to dismiss, plaintiffs indicate a willingness to amend their complaint, but they have not moved for leave to amend.

Page 7 - OPINION AND ORDER

conduct. Pinard v. Clatskanie Sch. Dist. 6J, 467 F.3d 755, 770 (9th Cir. 2006). Defendants contend plaintiffs have failed to (1) plead facts alleging constitutionally protected speech, and (2) allege a causal connection between constitutionally protected speech and impermissible adverse action. I disagree.

Plaintiffs have adequately pleaded all three elements of a First Amendment retaliation claim. The complaint alleges that "[s]hortly after receiving the tort claim notice [in this action], Defendant Johnson attempted to suspend Colton Pearson. This suspension was motivated in whole or in part by Plaintiffs voicing their opposition to how the events described above were handled by Defendants." Pl.'s Compl. ¶ 19. First, filing a lawsuit is a "mode[] of expression and association protected by the First . . . Amendment." Nat'l Ass'n for Advancement of Colored People v. Button, 371 U.S. 415, 431 (1963); see also Skoog v. Cnty. of Clackamas, 469 F.3d 1221, 1235 (9th Cir. 2006) (plaintiff stated a claim for First Amendment retaliation by asserting that a police officer had obtained and executed a search warrant against him to punish him for filing a lawsuit against another police officer). Second, a jury could find that the threat of suspension from school would chill a person from ordinary firmness—whether that person is the suspended student or the suspended student's parent—from continuing to pursue legal claims against the school. See Goss v. Lopez, 419 U.S. 565, 576

Page 8 - OPINION AND ORDER

(1975) ("[T]otal exclusion from the educational process for more than a trivial period . . . is a serious event in the life of the suspended child."); Seamons v. Snow, 84 F.3d 1226, 1237 (10th Cir. 1996) (suspending a student from the football team could constitute an "adverse action" for First Amendment purposes). Finally, where the temporal proximity between the protected activity and the adverse action is "very close," as alleged here, that proximity alone is sufficient evidence of causation to survive a motion to dismiss. Clark Cnty. Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001). Defendants' motion to dismiss plaintiffs' First Amendment claim is denied.

IV. Claims Against CCSD

With respect to the Fourth and First Amendment claims against CCSD, the complaint alleges the following:

> Defendant CCSD has a policy, practice, or custom of failing to properly screen coaches and/or properly train them to ensure they will not assault students.
>
> . . .
>
> Defendant CCSD has a policy, practice, or custom of retaliating against students who exercise their civil rights, as evidenced by the fact that Defendant Johnson is an administrator with final decision making authority. In the alternative, CCSD has failed to train its administrators properly.

Pl.'s Compl. ¶¶ 9, 19. The "policy, practice, or custom" and "failure to train" statements merely recite the legal standards for municipal liability under 42 U.S.C. § 1983, as articulated in Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978) and City

Page 9 - OPINION AND ORDER

of Canton v. Harris, 489 U.S. 378, 388 (1989). As such, they are "'a formulaic recitation of the elements of a cause of action'" that fall short of stating "'a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555, 570). The complaint alleges one fact in support of the allegations of municipal liability—that Johnson is an administrator with final decisionmaking authority. But that fact alone is insufficient to support plaintiffs' claim against CCSD, or every successful section 1983 claim would give rise to municipal liability. See Bd. Of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown, 520 U.S. 397, 415 (1997) ("In the broadest sense, every injury is traceable to a hiring decision. Where a court fails to adhere to rigorous requirements of culpability and causation, municipal liability collapses into respondeat superior liability.")

Because plaintiffs have failed to state a claim for municipal liability, defendants' motion to dismiss the first and fourth claims for relief as to CCSD is granted.[4] In addition, because plaintiffs do not object to the second and third claims

---

[4] Plaintiffs indicated a willingness to amend their complaint. Accordingly, dismissal of the first and fourth claims against CCSD is without prejudice.

for relief being dismissed as to CCSD, the motion to dismiss those claims as to CCSD is granted.[5]

V. Claims Against Johnson

Defendants next move to dismiss all claims against Johnson, asserting that plaintiffs have failed to allege facts sufficient to state any claim against him. Based on plaintiffs' clarification in their response regarding which claims are being asserted against which defendants, defendants' motion to dismiss plaintiffs' first and second claims as to Johnson is granted. In all other respects, this motion is denied.

Plaintiffs are not relying on respondeat superior liability; they allege Johnson is directly liable for intentional infliction of emotional distress and First Amendment retaliation. Those claims are adequately pleaded. The complaint alleges that Johnson and Brown are close personal friends, that the friendship drove Johnson to intentionally downplay the assault and fail to punish Brown appropriately despite substantial certainty that those actions would cause the Pearsons emotional distress, and that Johnson attempted to suspend Colton to retaliate against the Pearsons for filing this lawsuit. Those factual allegations are

---

[5] Plaintiffs stipulate to the dismissal of the intentional inflection of emotional distress claim against CCSD. I do not read the complaint to make a battery claim against CCSD, and plaintiffs state that making such a claim was not their intent. Nonetheless, for clarity, I grant the motion to dismiss both state law claims against CCSD.

Page 11 - OPINION AND ORDER

sufficient to withstand a motion to dismiss for failure to state a claim.

VI. Mandy and Scott's Claims

Finally, defendants challenge Mandy and Scott's participation in this lawsuit as plaintiffs, asserting they lack standing to sue. To demonstrate standing under Article III of the United States Constitution, a plaintiff must show that he or she has suffered an injury that is fairly traceable to the challenged action of the defendant, and it is likely the injury will be redressed by a favorable decision. Krottner v. Starbucks Corp., 628 F.3d 1139, 1141 (9th Cir. 2010). Because defendants challenge Mandy and Scott's standing, but not Colton's, I interpret their challenge as an assertion that Mandy and Scott have not alleged a cognizable injury.[6]

The complaint adequately alleges that Mandy and Scott have suffered injuries that are distinct from Colton's purported injury with respect to the third and fourth claims for relief.[7] With respect to the intentional infliction of emotional distress claim, the complaint specifically alleges that "[i]ntentionally

---

[6] This issue is not well-briefed. Nonetheless, federal courts have an independent duty to establish subject matter jurisdiction, regardless of whether the parties raise the issue. United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

[7] Mandy and Scott are not parties to the Fourth Amendment or battery claims.

assaulting a person's son in front of his parents, downplaying such assault, and punishing their son for threatening legal action all constitute an extraordinary transgression of socially tolerable behavior." Pl.'s Compl. ¶ 16. Those asserted injuries are personal to Mandy and Colton and are qualitatively different from Colton's purported injuries. The First Amendment retaliation claim alleges that Colton's suspension was intended to prevent all plaintiffs, not just Colton, from proceeding with this lawsuit. Pl.'s Compl. ¶ 19. Again, this allegation adequately alleges injuries specific to Mandy and Scott. Defendants' motion to dismiss Mandy and Scott's claims is denied.

## CONCLUSION

Defendants' motion to dismiss (doc. 12) is GRANTED in part and DENIED in part. Plaintiffs' first claim for violation of the Fourth Amendment is dismissed. Plaintiffs' second claim for battery is dismissed with respect to Johnson and CCSD. Plaintiffs' third claim for intentional infliction of emotional distress is dismissed with respect to CCSD. Because plaintiffs' fourth claim for violations of the First Amendment provides a continuing basis for federal jurisdiction, defendants' request for remand to Curry County Circuit Court is denied.

IT IS SO ORDERED.

Dated this 22ND of September 2015.

_____
Ann Aiken
United States District Judge